UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-62302-LEIBOWITZ/VALLE

PASSAGE HEALTH
INTERNATIONAL, LLC, *a*
*Florida Limited Liability Company,*

    Plaintiff,

v.

USABLE HMO, INC.
d/b/a ARKANSAS BLUE
CROSS BLUE SHIELD, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant USAble HMO, Inc.'s: (i) Motion to Dismiss Amended Complaint (ECF No. 41) (the "Motion to Dismiss"); and (ii) Motion to Stay Discovery Pending a Decision on the Motion to Dismiss (ECF No. 46) (the "Motion to Stay Discovery") (together, the "Motions"). The District Judge has referred the Motions to the undersigned for appropriate disposition.[1] *See* (ECF Nos. 44, 51). Accordingly, having reviewed the Motions, Plaintiff's Responses (ECF Nos. 42, 47), Defendant's Replies (ECF Nos. 43, 48), and Defendant's Notices of Supplemental Authority (ECF Nos. 52, 54), and being fully advised in the

---

[1] The Motion to Dismiss was referred to the undersigned by previously presiding District Judge Rodolfo A. Ruiz II before reassignment to District Judge David S. Leibowitz. *See* (ECF Nos. 44, 45). Judge Leibowitz later referred the Motion to Stay Discovery. *See* (ECF No. 51).

matter, the undersigned recommends that Defendant's Motion to Dismiss be **GRANTED** for the reasons set forth below.[2]

## I.     BACKGROUND

In November 2023, Plaintiff Passage Health International ("Plaintiff") commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, CACE-23-020641 against Defendant USAble HMO, Inc., d/b/a Arkansas Blue Medicare.[3] *See generally* (ECF No. 1-3).  In December 2023, Defendant removed the case to federal court based on diversity jurisdiction.[4]  *See* (ECF No. 1 at 2).  According to the Amended Complaint,[5] Plaintiff (as billing administrator for Centro Medico de Cozumel (the "Hospital")) seeks payment of medical expenses incurred by Patient J.C. (the "Patient") in December 2021 for treatment of chronic respiratory failure and congestive heart failure while at the Hospital, located in Cozumel, Mexico. (ECF No. 37 ¶¶ 11-14).  The Patient's treatment allegedly resulted in approximately $220,000 in medical expenses.  *Id.* ¶ 14.  The Patient, who was Defendant's insured, allegedly assigned her benefits to Plaintiff.  *Id.* ¶¶ 9, 12.  Thus, Plaintiff seeks payment from Defendant on claims for

---

[2] Because the undersigned recommends that Defendant's Motion to Dismiss be granted, the Court **GRANTS IN PART** (by separate Order entered contemporaneously) Defendant's Motion to Stay Discovery pending the District Judge' ruling on this Report and Recommendation on the Motion to Dismiss (ECF No. 46).

[3] In the Motion to Dismiss, Defendant argues that Plaintiff misidentifies Defendant's fictitious name as "Arkansas Blue Cross Blue Shield, Inc." instead of "Arkansas Blue Medicare." (ECF No. 41 at 1 n.1).  Plaintiff's misnaming, however, is irrelevant to the Court's determination on the Motion to Dismiss.

[4] According to the initial and Amended Complaint, Plaintiff is a Florida limited liability company and Defendant is registered in Arkansas.  (ECF Nos. 1-3 ¶¶ 2, 5, 37 ¶¶ 2, 5).

[5] At the motion to dismiss stage, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor.  *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).

2

unjust enrichment (Count 1), quantum meruit (Count 2), and negligent misrepresentation (Count 3) against Defendant.  *See generally* (ECF No. 37).

Defendant moves to dismiss the Amended Complaint on four grounds: (i) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (ii) lack of standing; (iii) lack of subject matter jurisdiction under Rule 12(b)(1); and (iv) failure to state a claim under Rule 12(b)(6) as to Counts 1 and 2.  *See* (ECF No. 41 at 1, 4-5).  Plaintiff opposes Defendant's Motion to Dismiss.  *See generally* (ECF No. 42).

## II.   DISCUSSION

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *see also Steel Co. v. Citizens for A Better Env't*, 523 U.S. 83, 93-102 (1998).  Here, accepting as true Plaintiff's allegations regarding diversity of citizenship and the amount in controversy, the Amended Complaint sufficiently establishes jurisdiction over the claims.[6]  Thus, the undersigned next considers whether the Court has personal jurisdiction over Defendant.[7]

### A.   Personal Jurisdiction

Federal courts generally follow state law in determining the bounds of their jurisdiction over persons.  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see* Fed. R. Civ. P. 4(k)(1)(A)

---

[6] Although Defendant challenges subject matter jurisdiction on other grounds (i.e., Plaintiff's purported failure to exhaust its administrative remedies), *see* (ECF No. 41 at 15-19), the undersigned accepts as true Plaintiff's allegations regarding diversity of citizenship and amount in controversy in determining the Motion to Dismiss.

[7] Because the undersigned recommends that the Court dismiss the case for lack of personal jurisdiction over Defendant, the Court need not to address Defendant's alternative arguments for dismissal.  *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, No. 17-CV-21815, 2017 WL 7796307, at *2 (S.D. Fla. Dec. 20, 2017) (dismissing case for lack of personal jurisdiction without determining merits of other arguments).

(service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (citation omitted); *see also Broward Marine, Inc. v. S/V Zeus*, No. 05-CV-2310, 2010 WL 427496, at *4 (S.D. Fla. Feb. 1, 2010) (citing *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). Both prongs must be satisfied for personal jurisdiction to exist. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *see also Broward Marine*, 2010 WL 427496, at *4. Therefore, a federal district court in Florida "may exercise personal jurisdiction over a nonresident defendant, to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citation omitted).

### B.    Florida's Long-Arm Statute

The reach of Florida's long-arm statute is a question of Florida law. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citation and quotation omitted); *Madara*, 916 F.2d at 1514. Federal courts are therefore "required to apply the statute as would the Florida Supreme Court," and are "bound to adhere to the interpretations of Florida's long-arm statute offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." *Louis Vuitton Malletier*, 736 F.3d at 1352 (citation omitted). Moreover, Florida's long-arm statute is to be strictly construed. *Id.*; *Jarboe Fam. & Friends Irrevocable Living Tr. v. Spielman*, 136 So. 3d 666, 669 (Fla. 2d DCA 2014) (remanding case for determination of whether a Florida court may exercise in personam jurisdiction over a

4

nonresident third-party defendant through impleader absent a basis for personal jurisdiction under Florida's long-arm statute).

A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways.  First, Florida courts may exercise general jurisdiction, even if the claims against the defendant do not involve its activities in Florida, if the defendant "is engaged in substantial and not isolated activity within [Florida]." Fla. Stat. § 48.193(2).  Second, Florida courts may exercise specific jurisdiction when a defendant engages in certain activity within Florida.  *Id.* § 48.193(1)(a); *see also Madara*, 916 F.2d at 1516 n.7 ("Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action.  General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation.").

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  A prima facie case requires enough evidence to withstand a motion for judgment as a matter of law.  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  If the defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."[8] *Louis Vuitton Malletier*, 736 F.3d at 1350 (citation omitted); *see also Broward Marine*, 2010 WL 427496, at *4.  If the plaintiff's allegations and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of plaintiff.  *Meier*, 288 F.3d at 1269; *see also Broward Marine*, 2010 WL 427496, at *5 (citation omitted).

---

[8] The burden does not shift, however, if the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.  *Louis Vuitton Malletier*, 736 F.3d at 1350 (citation and quotation omitted).

Thereafter, if such inferences are sufficient to defeat a motion for judgment as a matter of law, "the court must rule for the plaintiff, finding that jurisdiction exists." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010).

Here, the Amended Complaint alleges that the Court has both specific and general personal jurisdiction pursuant to Florida's long-arm statute. (ECF No. 37 ¶ 6). The undersigned will consider each argument in turn.

### C. Plaintiff has Failed to Prove General Jurisdiction Over Defendant

The reach of Florida's general jurisdiction provision "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche*, 789 F.3d at 1204 (citation omitted); *see Rautenberg v. Falz*, 193 So. 3d 924, 931 (Fla. 2d DCA 2016) (noting that proper question is not where plaintiff experienced a particular injury or effect but whether defendant's conduct connects it to the forum in a meaningful way). A court's assertion of general jurisdiction over a foreign (sister-state or foreign-country) corporation comports with due process when the corporation's affiliations with the State are so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Only a limited set of affiliations with a forum will render a defendant amenable to its general jurisdiction. *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924. "[T]he 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017); *see also Foshee v. Banks*, No. 22-11321, 2022 WL 17547200, at *1 (11th Cir. Dec. 9, 2022); *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924. In an "exceptional case," however, a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19; *Foshee*,

2022 WL 17547200, at *1 ("[T]he burden of proving an exceptional case is heavy and even 'substantial, continuous, and systematic' business is insufficient to make a company 'at home' in the state.") (internal quotation omitted).  General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose.  *Louis Vuitton Malletier*, 736 F.3d at 1352 (citation omitted).  A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.  *Carmouche*, 789 F.3d at 1205.

In attempting to establish the existence of general jurisdiction over Defendant, the Amended Complaint alleges that Defendant's actions and contacts with Florida are "so continuous and systematic" that it is essentially at home in Florida and Defendant's "actions and contact with Florida are considerable and are constant, systematic and continuous," including "communicating with Plaintiff, a Florida company, to settle the claims of insureds."  (ECF No. 37 ¶ 7). Additionally, in response to the Motion to Dismiss, Plaintiff argues that Defendant owns and operates an office in Jacksonville with a registered agent in Broward County to support its claim that Defendant has "continuous and systematic" actions in Florida so as to be "at home in the state."  (ECF No. 42 at 3).  In reply, however, Defendant asserts that "USAble, HMO, Inc." (Defendant in this case) is distinct from the corporate entities to which Plaintiff refers ("USAble Corporation" and USAble Life") as having an office in Jacksonville, Florida, and a Broward County registered agent.  (ECF No. 43 at 3 n.2); *see also* (ECF No. 42 at 3).

Here, based on a review of the Amended Complaint and the record in this case, the undersigned finds that Plaintiff's allegations regarding general jurisdiction are insufficient for several reasons.  First, the jurisdictional allegations in the Amended Complaint are conclusory and

without any factual support.  For example, Plaintiff seeks reimbursement for medical expenses for treatment provided to a Patient who has no connection to Florida,[9] incurred while the Patient was in Mexico, and against a Defendant who is incorporated and has its principal place of business in in Arkansas.  (ECF No. 41-1 ¶ 6).

Second, although the Court must accept the alleged facts as true, if Defendant challenges Plaintiff's allegations through affidavits or other competent evidence to refute personal jurisdiction, Plaintiff must substantiate its jurisdictional allegations through its own affidavits, testimony, or other evidence.  *Wiegering v. Blue Cross & Blue Shield of Massachusetts, Inc.*, No. 16-CV-23031, 2017 WL 1294907, at *3 (S.D. Fla. Feb. 2, 2017).  Here, Defendant has submitted a supporting Declaration affirming that: (i) Defendant's service area is exclusively in Arkansas and it is prohibited from enrolling beneficiaries outside of Arkansas; (ii) Defendant does not operate any health insurer in Florida, has no offices in Florida, and does not engage in insurance solicitation in Florida.  (ECF No. 41-1 ¶¶ 9-10, 19-21).  Defendant further affirms that it is not authorized to issue coverage within Florida, has no real or personal property in Florida, and does not have a Florida phone listing or mailing address.  *Id.* ¶ 22.  In contrast, Plaintiff's conclusory, unverified, and unsupported reference to corporate filings and websites is insufficient to rebut Defendant's declaration.  *Compare* (ECF No. 41-1)*, with* (ECF No. 42 at 3).

Third, without more, Florida contacts of companies other than Defendant "USAble, HMO, Inc."—even if affiliated corporate entities—cannot be attributed to Defendant to establish personal jurisdiction.  *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 (11th Cir. 2022) (affirming dismissal for lack of personal jurisdiction and rejecting argument that subsidiaries were defendant's alter ego for jurisdictional purposes); *but cf. Floridians for Solar*

---

[9] According to Defendant's declaration, the Patient also has an Arkansas address. (ECF No. 41-1 ¶ 15).  Plaintiff does not deny this assertion.

*Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2020 WL 6808669, at *10 (S.D. Fla. July 2, 2020), *report and recommendation adopted in part*, 2020 WL 5757083 (S.D. Fla. Sept. 28, 2020) (concluding that plaintiff had sufficiently alleged jurisdiction against defendants under alter ego theory).

Against this backdrop, the undersigned finds that Plaintiff has not alleged sufficient facts to establish the existence of general personal jurisdiction over Defendant. *See, e.g.*, *Carmouche*, 789 F.3d at 1205 ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business."); *Wiegering*, 2017 WL 1294907, at *3 (concluding that plaintiff failed to prove general personal jurisdiction over a defendant insurance company in Florida where the evidence established that defendant's only place of business was in Massachusetts); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1335 (S.D. Fla. 2016) ("[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases.").

### D.   Plaintiff Has Failed to Prove Specific Jurisdiction Over Defendant

In relevant part, Florida's long-arm statute provides that a person, whether or not a citizen or resident of Florida, who personally or through an agent: (i) operates, conducts, engages in, or carries on a business or business venture in the state; (ii) commits a tortious act within the state; or (iii) contracts to insure a person, property or risk located within the state at the time of the contracting, submits to the jurisdiction of the Florida courts for any cause of action arising from those acts.  Fla. Stat. § 48.193(1)(a)(1), (2), (4).  Here, the Amended Complaint alleges specific jurisdiction over Defendant for operating or conducting a business or committing a tortious act in

Florida. *See* (ECF No. 37 ¶ 6). In response to the Motion to Dismiss, Plaintiff also argues that Defendant is subject to jurisdiction for contracting to insure a person in Florida. *See* (ECF No. 42 at 4). Plaintiff's arguments, however, are unpersuasive.

Notwithstanding Plaintiff's assertions, the Amended Complaint does not allege that Defendant has a connection with Florida. Indeed, the insured Patient is a citizen of Arkansas, the incident occurred in Cozumel, Mexico, and Defendant has a principal place of business and is registered in Arkansas. (ECF Nos. 37 ¶¶ 5, 11-14, 41-1 ¶¶ 6, 15). Moreover, without rebuttal from Plaintiff, Defendant affirms that: (i) its service area is exclusively in Arkansas and it is prohibited from enrolling beneficiaries outside of Arkansas; (ii) it does not operate any health insurer in Florida, has no offices in Florida, and does not engage in insurance solicitation in Florida; (iii) it is not authorized to issue coverage within Florida, has no real or personal property in Florida, and does not have a Florida phone listing or mailing address. *See* (ECF No. 41-1 ¶¶ 9-10, 19-22). Measured against these affirmations, Plaintiff's allegation that the Hospital called Defendant to verify benefits for the Patient, *see* (ECF No. 37 ¶¶ 37-38), is an insufficient basis for specific jurisdiction. *See, e.g., Kindred Hosps. E., L.L.C. v. Buffalo Bd. of Educ.*, No. 17-CV-1106-T-24MAP, 2017 WL 3622154, at *4 (M.D. Fla. Aug. 23, 2017) (concluding that telephone call with insurer regarding treatment for insured did not show that defendant deliberately engaged in significant activities within Florida).

Moreover, in determining specific personal jurisdiction, the due process analysis requires a court to also consider whether: (i) the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (ii) the non-resident defendant "purposefully availed" itself of the privilege of conducting activities within the forum; and (iii) the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Floridians for*

10

*Solar Choice*, 2020 WL 6808669, at *8 (citation omitted); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000) (citations omitted). The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, then the defendant must make a compelling case that the exercise of jurisdiction would violate "traditional notions of fair play and substantial justice." *Floridians for Solar Choice*, 2020 WL 6808669, at *8; *Louis Vuitton Malletier,* 736 F.3d at 1355.

Having reviewed the record before the Court, the undersigned finds no allegations demonstrating that Defendant purposefully availed itself of Florida's jurisdiction. Plaintiff's allegations that Defendant engaged in claims administration with Florida and that the Hospital called Defendant to verify benefits are insufficient. (ECF No. 37 ¶¶ 8, 37); *Kindred*, 2017 WL 3622154, at *4 (concluding that phone call regarding treatment for insured does not show that defendant deliberately engaged in significant activities within Florida). Defendant did not avail itself of the privilege of doing business in Florida simply because a third-party administrator obtained Defendant's pre-approval for the Patient's treatment. *See, g.*, *Wiegering v. Blue Cross & Blue Shield of Massachusetts, Inc.*, No. 16-CV-23031, 2017 WL 1294907, at *8 (S.D. Fla. Feb. 2, 2017) (granting motion to dismiss for lack of personal jurisdiction). Additionally, Defendant would likely be burdened by litigating this action in Florida because: (i) its operations are limited to Arkansas; (ii) Florida has no identifiable interest in adjudicating this dispute beyond Plaintiff's convenience as a Florida resident; and (iii) there are no factors favoring personal jurisdiction over Defendant in Florida. In essence, this matter is a billing dispute between the Hospital's billing administrator and an Arkansas insurer. *See, e.g.*, *Kindred,* 2017 WL 3622154, at *5 (concluding that court lacks personal jurisdiction over defendant insurer whose only connection to Florida was

unilateral activity with hospital who treated insured Florida resident). Accordingly, the Court should not exercise specific personal jurisdiction over Defendant.[10]

### III.    RECOMMENDATION

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Defendant USAble HMO, Inc.'s Motion to Dismiss Amended Complaint (ECF No. 41) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on June 18, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge David S. Leibowitz
   All Counsel of Record

---

[10] Relatedly, the Court denies Plaintiff's request for an evidentiary hearing. *See* (ECF No. 42 at 4). Local Rule 7.1(b)(2) requires that the party requesting a hearing specify the reasons for a hearing and how it would be helpful to the Court. Here, Plaintiff has failed to do so and has made no attempt to rebut Defendant's jurisdictional evidence. Moreover, based on the record, the Court does not find that a hearing is necessary to resolve the Motion to Dismiss. Lastly, the undersigned defers to the District Judge whether to permit Plaintiff leave to amend its complaint a third time to set forth additional jurisdictional allegations. *Id.*