UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-62302-LEIBOWITZ/VALLE

PASSAGE HEALTH
INTERNATIONAL, LLC,

    *Plaintiff*,

v.

USABLE HMO, INC. d/b/a
ARKANSAS BLUE CROSS BLUE
SHIELD, INC.,

    *Defendant.*

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to United States Magistrate Judge Alicia O. Valle for a Report and Recommendation ("the R&R") on Defendant's Motion to Dismiss [ECF No. 41]. [ECF No. 44]. Judge Valle has since issued her R&R, recommending that the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Amended Complaint without prejudice. [ECF No. 55]. Judge Valle deferred "to the District Judge whether to permit Plaintiff leave to amend its complaint a third time to set forth additional jurisdictional allegations." [ECF No. 55 at 12 n. 10]. Defendant submitted a limited objection to the R&R and asks the Court to dismiss this action without leave to amend. [ECF No. 57]. After careful review of the filings, the applicable law, and the record, the Court adopts the R&R [ECF No. 55].

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting

legal authority." L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up).

Defendant submitted a limited objection to the R&R. [ECF No. 57]. The Court has made a *de novo* review of the issue that the limited objection to the R&R presents—namely, whether leave to amend should be granted or would be futile. Having carefully reviewed the R&R and Defendant's limited objection, the Court agrees with Judge Valle that the Amended Complaint must be dismissed. Judge Valle left the decision as to whether to permit Plaintiff leave to amend its complaint to the undersigned, and for the reasons and authority stated in Defendant's limited objection to the R&R [ECF No. 57], this Court concludes that amendment would be futile and therefore leave to amend will not be given.

Pursuant to Federal Rule of Civil Procedure 15(a) "[t]he court should freely give leave [to amend] when justice so requires." However, a motion for leave to amend may be properly denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) (citation omitted). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). Courts routinely find amendment to be futile where the court would not be able to exercise personal jurisdiction over the defendant. *See, e.g., CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.*, 2017 WL 5640717,

at \*4 (S.D. Fla. Aug. 7, 2017); *Valencia v. Horizon Att'ys & Couns. at L. PLC*, 2017 WL 7792619, at \*4 (S.D. Fla. Dec. 8, 2017); *MSP Recovery Claims, Series LLC v. Westfield Ins. Co.*, 2021 WL 8343201, at \*4 (S.D. Fla. Sept. 27, 2021). Here, allowing Plaintiff to amend its complaint again would be futile for purposes of any personal jurisdiction analysis. Therefore, leave to amend is denied. Plaintiff's Amended Complaint [ECF No. 37] is DISMISSED WITHOUT LEAVE TO AMEND.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant's Limited Objection to Magistrate Judge Valle's Report and Recommendation [**ECF No. 57**] is **SUSTAINED**.

2. Magistrate Judge Valle's Report and Recommendation [**ECF No. 55**] is **AFFIRMED AND ADOPTED.**

3. Defendant's Motion to Dismiss [**ECF No. 41**] is **GRANTED**.

4. Plaintiff's Amended Complaint [**ECF No. 37**] is **DISMISSED WITHOUT LEAVE TO AMEND**. For all the reasons and authority stated in Defendant's Limited Objection to Magistrate Judge Valle's Report and Recommendation [ECF No. 57], the Court concludes that amendment of the Amended Complaint would be futile.

5. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on July 31, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record